IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Adrian Marion Smith, #331894, ) | |
| ) | C/A No. 3:08-3519-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| South Carolina Department of Highway ) | |
| Patrol; J.C. Gambrell, Badge No. 514, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Adrian Marion Smith is an inmate in custody of the South Carolina Department of Corrections. Plaintiff, proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, alleging that he was subjected to excessive force during and subsequent to his arrest in Aiken County, South Carolina. This matter is before the court on motion for summary judgment filed by Defendants on July 6, 2009. By order filed September 30, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedures and the possible consequences if he failed to respond adequately. Plaintiff filed a motion for summary judgment and injunctive relief on August 17, 2009, to which Defendants filed a response in opposition on August 24, 2009.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pretrial handling. On December 3, 2009, the Magistrate Judge issued a Report and Recommendation in which he recommended that Defendants' motion for summary judgment be granted and Plaintiff's motion for summary judgment be denied. Plaintiff filed objections to the Report and Recommendation on December 15, 2009, to which Defendants filed a response on December 18, 2009.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

I. FACTS

The facts are thoroughly discussed in the Report and Recommendation. Briefly, Defendant J.C. Gambrell was participating in a driver's license checkpoint in Aiken County, South Carolina. Plaintiff arrived at the stop and pulled over to the side of the road. According to Plaintiff, Gambrell told him to get out of the car to be searched, and that Gambrell violently pushed him up against the car and hit him in the ribs for no apparent reason. Plaintiff contends that he thereafter was attacked by other law enforcement officers, even after he was placed in handcuffs. Plaintiff contends that he was severely beaten, hit in the face with a black metallic object, sprayed excessively with pepper spray, kicked, stomped, and threatened. According to Plaintiff, he was taken to the North Augusta Police Station and later to the Aiken Regional Medical Center, where he was subjected to additional abusive and intimidating behavior by Gambrell. Plaintiff alleges that he suffered a chipped tooth, permanent nerve damage to his left eye, permanent injury to his right shoulder, and psychological damage. See generally Entry 35 (Plaintiff's motion for summary judgment).

Defendants dispute Plaintiff's version of the facts. According to the Incident Report, Plaintiff refused to respond to any of Gambrell's questions at the check point. Gambrell states that he told

Plaintiff to exit the vehicle, at which time Gambrell noticed an odor of an alcoholic beverage coming from the vehicle and Plaintiff's person. Gambrell told Plaintiff to move to the rear of the vehicle. Gambrell thereafter noticed that Plaintiff had an object in the front of his pants. When Gambrell started to pat down Plaintiff, Plaintiff attempted to flee on foot. Other law enforcement officer at the checkpoint joined Gambrell in tackling Plaintiff. According to Gambrell, Plaintiff kicked and swung his arms and pepper spray was deployed. Plaintiff was restrained, at which time a loaded weapon was found on the ground. Plaintiff was arrested for unlawful possession of a firearm, driving under the influence, simple possession of marijuana, open container of alcohol, and resisting arrest. See generally Entry 30-4 (Supplementary Incident Report).

## II. DISCUSSION

The Magistrate Judge determined that summary judgment in favor of Defendants is appropriate because (1) Gambrell's conduct was objectively reasonable in light of the facts and circumstances confronting him, and (2) the injuries suffered by Plaintiff were de minimis in nature. In his objections, Plaintiff essentially reiterates the allegations of his complaint and contends that the facts are sufficient to support his excessive force claim. To the extent Plaintiff challenges any of the Magistrate Judge's findings or recommendations, the district court need not conduct a de novo review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

In any event, the court has thoroughly reviewed the motion, memoranda, exhibits, and other evidence in the record. With respect to Plaintiff's excessive force incident to arrest allegations, the Magistrate Judge properly noted that the Fourth Amendment governs claims of excessive force

during the course of an arrest. See Graham v. Connor, 490 U.S. 386 (1989). "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at state." Id. at 396. The test for reasonableness "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight. Id. (citing Tennessee v. Garner, 471 U.S. 1, 8-9 (1985)). The "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene. Id. (citing Terry v. Ohio, 392 U.S. 1, 20-22 (1968)).

In this case, Gambrell avers that he approached Plaintiff at the checkpoint and noticed that Plaintiff was staring straight ahead. Entry 30-3 (Affidavit of Corporal J.C. Gambrell), ¶ 2. Gambrell states that Plaintiff would not acknowledge his request to lower the window of the vehicle. Id. Gambrell opened the driver's side door and instructed Plaintiff to exit the vehicle. Plaintiff walked in a crouched position to the rear of the vehicle. Id. Gambrell believed Plaintiff was clutching at something at waist level, and he noticed an object in the front of Plaintiff's pants. Id. As Gambrell attempted to pat down Plaintiff, Plaintiff attempted to flee. Another trooper then tackled Plaintiff. Id. According to Gambrell, Plaintiff began fighting and kicking. It took three men to gain control of Plaintiff, which included the use of pepper spray and "hard hand control." Id. A loaded pistol fell out of Plaintiff's pocket as Plaintiff was lifted to his feet after being handcuffed. See also Entry 30-5 (Affidavit of John McCord); Entry 30-6 (Affidavit of Thomas E. Velky).

The court concurs in the Magistrate Judge's determination that Defendants' actions were

objectively reasonable in light of the facts and circumstances confronting them. Plaintiff's objections are without merit.

With respect to Plaintiff's claims of excessive force subsequent to his arrest, the Magistrate Judge properly noted that such claims are governed by the Fourteenth Amendment. To succeed on a claim of excessive force under the Due Process Clause of the Fourteenth Amendment, Plaintiff must show that Defendants inflicted unnecessary and wanton pain and suffering. Taylor v. McDuffie, 155 F.3d 479,483 (4th Cir. 1998) (quoting Whitley v. Albers, 475 U.S. 312, 320 (1986)). Absent the most extraordinary circumstances, a pretrial detainee cannot prevail on a Fourteenth Amendment excessive force claim if his injury is de minimis. Riley v. Dorton, 115 F.3d 1159, 1166 (4th Cir. 1997); Norman v. Taylor, 25 F.3d 1259, 1263 (4th Cir. 1994). De minimis injury generally serves as evidence that de minimis force was used. Norman, 25 F.3d at 1262 (discussing Hudson v. McMillian, 503 U.S. 1 (1992)). De minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind, are beyond constitutional recognition. Id. (quoting Hudson, 503 U.S. at 10).

Plaintiff asserts that after he was handcuffed he was viciously assaulted, hit in the face twice with a maglight, left on the ground for thirty to forty-five minutes, tortured, threatened, and made to suffer before he was transported to the Aiken Regional Medical Center for examination. Entry 35, 3-5. As the Magistrate Judge noted, a videotape of Plaintiff at the North Augusta Police Department shows that Plaintiff's skin on his torso is red and he has puffiness around his left eye. However, Plaintiff was able to move and pace around the room. The records from the Aiken Regional Medical Center revealed no fracture, dislocation, peristeal new bone formation, bone erosion, or destructive lesions. Entry 30-8. Plaintiff was instructed to use Motrin for pain.

Plaintiff also has provided the court with undated pictures purporting to show his broken tooth and injured eye. He also has provided medical records from MCG Health, Inc. reporting the results of various examinations subsequent to Plaintiff's arrest. On January 28, 2007 Plaintiff was examined by representatives of MCG Health, Inc. Plaintiff denied any vision changes associated with the alleged assault by Gambrell. Entry 39-1, 15. Plaintiff was examined by Bruce Janiak, M.D. Dr. Janiak opined:

> His vital signs are normal. He is alert, oriented, in absolutely no distress. There is some conjunctival hemorrhage noted with pupil round and reactive and no other eye problems are seen. The right mandibular incisor is fractured about midway down its length. The base of the tooth, however, is tight. There is tenderness over the medial aspect of the right superior scapula with movement on abduction of the right shoulder.

Entry 39-1, 10. Plaintiff was instructed to use Tylenol or Motrin for pain (Entry 39-1, 9).

In the court's view, the evidence does not support anything but a de minimis injury. Plaintiff's objections are without merit.

### III. CONCLUSION

For the reasons stated, the court adopts the Report and Recommendation and incorporates it herein by reference. Defendant's motion for summary judgment (Entry 30) is **granted**. Plaintiff's motion for summary judgment (Entry 35) is **denied**. Plaintiff's motion for injunction also is **denied** for the reasons stated in the Report and Recommendation.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina
February 11, 2010

6

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified of the right to appeal this order
pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**